UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-22706-BB

MARIA PIMENTEL,

Plaintiff,

vs.

CARNIVAL CORPORATION,
d/b/a CARNIVAL CRUISE LINES,

Defendant.
__________________________________/

**DEFENDANT, CARNIVAL CORPORATION'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES ("Carnival"), by and through its undersigned counsel, pursuant to the applicable Federal Rules of Civil Procedure, and this Honorable Court's Order on Carnival's Motion to Dismiss Plaintiff's Complaint, (ECF No. 21), hereby files its Answer and Affirmative Defenses to Plaintiff, MARIA PIMENTEL's, Complaint for damages contained in Plaintiff's Complaint, (ECF No. 1), and states as follows:

**THE PARTIES AND JURISDICTION**

1. Denied.

2. Unknown; therefore, denied.

3. Other than to admit that this Honorable Court has *en personam* jurisdiction over Carnival, and that Carnival may be deemed the owner and operator of Carnival *Dream* for purposes of this litigation only, Paragraph 3 is denied.

4. With regard to Paragraph 4, Carnival admits only that this Honorable Court has subject matter jurisdiction over this action pursuant to its Admiralty and Maritime jurisdiction and

that venue is proper pursuant to the parties' passenger ticket contract. Otherwise, Paragraph 4 is denied and particularly denied with regard to the amount in controversy.

5. With regard to Paragraph 5, Carnival admits only that venue is proper in this Honorable Court pursuant to the parties' passenger ticket contract. Otherwise, denied.

6. Denied.

**OTHER ALLEGATIONS COMMON TO ALL COUNTS**

7. With regard to Paragraph 4, Carnival admits only that Plaintiff alleges an incident occurred on June 28, 2024. Otherwise, denied.

8. Denied.

9. With regard to Paragraph 9, Carnival admits only that Plaintiff was a fare-paying passenger aboard the Carnival *Dream* at all times material hereto. Otherwise, denied.

10. Denied.

11. Denied.

12. Denied.

13. Carnival admits that Carnival *Dream*–class vessels contain doorways connecting interior and exterior decks, and that passengers utilize those areas to access amenities aboard the ships. Carnival denies the remaining allegations as phrased.

14. Carnival objects to Paragraph 14 as it contains a narrative description and statements that are not factual allegations directed to Carnival and therefore do not require a response. To the extent a response is required, Carnival admits only that Carnival *Dream's* Deck 5 includes doorways connecting the interior Promenade Deck to the exterior Lanai promenade and contains various passenger amenities. Carnival denies the remaining allegations as phrased.

15. Carnival objects to Paragraph 15 as it contains a narrative description and/or statements that are not factual allegations directed to Carnival and therefore do not require a

response. To the extent a response is required, Carnival admits only that the Carnival *Dream* includes a Lanai promenade on Deck 5 with lounge chairs and hot tubs on the exterior deck, and otherwise denies the remaining allegations as phrased.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied, including subsections (a)–(g).

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

**COUNT I**
**NEGLIGENT FAILURE TO MAINTAIN**
**(Direct Liability for Negligence Under General Maritime Law)**

29. Carnival readopts and re-alleges its responses to paragraphs 1 through 28, as if fully set forth herein.

30. Denied.

31. Paragraph 31 is a statement of law to which Carnival is not required to admit or deny. To the extent that an answer is required, Carnival admits only that the applicable standard is "reasonable under the circumstances".

32. Denied.

33. Denied.

34. Denied.

35. Denied.

Carnival denies that Plaintiff is entitled to relief sought in the WHEREFORE clause of the Complaint and that Plaintiff is entitled to recover any damages from Carnival under any theory of law and demands strict proof thereof.

**COUNT II**
**NEGLIGENT FAILURE TO MAINTAIN**
**(Vicarious Liability for Negligence of Employees**
**Respondeat Superior Under The General Maritime Law)**

36. Carnival readopts and re-alleges its responses to paragraphs 1 through 28, as if fully set forth herein.

37. Denied.

38. Paragraph 38 is a statement of law to which Carnival is not required to admit or deny. To the extent that an answer is required, Carnival admits only that the applicable standard is "reasonable under the circumstances".

39. Denied as phrased.

40. Denied as phrased.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

Carnival denies that Plaintiff is entitled to relief sought in the WHEREFORE clause of the Complaint and that Plaintiff is entitled to recover any damages from Carnival under any theory of law and demands strict proof thereof.

**COUNT III**
**NEGLIGENT FAILURE TO WARN**
**(Direct Liability for Negligence Under General Maritime Law)**

Paragraphs 45 through 51, including the WHEREFORE clause, do not require a response, as pursuant to this Court's Order on Carnival's Motion to Dismiss Plaintiff's Complaint, (ECF No. 21), this count is dismissed.

**COUNT IV**
**NEGLIGENT FAILURE TO WARN**
**(Vicarious Liability for Negligence**
**Respondeat Superior Under General Maritime Law)**

Paragraphs 52 through 61, including the WHEREFORE clause, do not require a response, as pursuant to this Court's Order on Carnival's Motion to Dismiss Plaintiff's Complaint, (ECF No. 21), this count is dismissed.

**COUNT V**
**NEGLIGENT TRAINING OF PERSONNEL**

62. Carnival readopts and re-alleges its responses to paragraphs 1 through 28, as if fully set forth herein.

63. Denied.

64. Paragraph 64 is a statement of law to which Carnival is not required to admit or deny. To the extent that an answer is required, Carnival admits only that the applicable standard is "reasonable under the circumstances".

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

Carnival denies that Plaintiff is entitled to relief sought in the WHEREFORE clause of the Complaint and that Plaintiff is entitled to recover any damages from Carnival under any theory of law and demands strict proof thereof.

**COUNT VI**
**NEGLIGENT DESIGN, CONSTRUCTION**
**AND SELECTION OF MATERIALS**

70. Carnival readopts and re-alleges its responses to paragraphs 1 through 28, as if fully set forth herein.

71. Denied.

72. Paragraph 72 is a statement of law to which Carnival is not required to admit or deny. To the extent that an answer is required, Carnival admits only that the applicable standard is "reasonable under the circumstances".

73. Denied.

74. Denied as phrased.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

Carnival denies that Plaintiff is entitled to relief sought in the WHEREFORE clause of the Complaint and that Plaintiff is entitled to recover any damages from Carnival under any theory of law and demands strict proof thereof.

**AFFIRMATIVE DEFENSES**

As separate and complete defenses, based on information and belief, Carnival states as follows:

**FIRST AFFIRMATIVE DEFENSE**

As its first affirmative defense, Carnival asserts that Plaintiff's claims are governed by general maritime law, and that any recovery is limited by same.

**SECOND AFFIRMATIVE DEFENSE**

As its second affirmative defense, Carnival asserts that this action is governed by, and subject to, the terms, limitations, and conditions contained within Plaintiff's passenger ticket contract. Carnival adopts and incorporates all of the terms, limitations, and conditions contained in the passenger ticket contract in its entirety into its Answer by reference.

**THIRD AFFIRMATIVE DEFENSE**

As its third affirmative defense, Carnival asserts that no dangerous condition existed that caused or contributed to Plaintiff's alleged incident. Alternatively, if the dangerous condition described in Plaintiff's Complaint did exist, which Carnival denies, Carnival asserts that Plaintiff failed to appreciate an open and obvious condition which gave rise to the alleged accident and any alleged injury arising therefrom, and therefore Plaintiff cannot recover for the alleged incident.

**FOURTH AFFIRMATIVE DEFENSE**

As its fourth affirmative defense, Carnival states that it did not have actual and/or constructive notice of the allegedly dangerous condition, if any, and, as such, is not liable to Plaintiff based on a theory of negligence.

**FIFTH AFFIRMATIVE DEFENSE**

As its fifth affirmative defense, Carnival asserts that it fully discharged its duties to Plaintiff by warning of any and all alleged dangerous or hazardous conditions, if any.

## SIXTH AFFIRMATIVE DEFENSE

As its sixth affirmative defense, Carnival asserts that to the extent that Plaintiff's Complaint alleges that a dangerous condition existed on the vessel, which Carnival denies, any such condition was apparent, and open and obvious to Plaintiff and should have been observed by Plaintiff through the ordinary use of her senses.

## SEVENTH AFFIRMATIVE DEFENSE

As its seventh affirmative defense, Carnival asserts that Plaintiff's incident and/or injuries were caused in whole or in part by Plaintiff's own act(s) of negligence including, but not limited to, the failure to exercise reasonable care for her own safety, including but not limited to the failure to pay attention to where she was walking as she walked through the Promenade Deck. Therefore, Plaintiff's recovery, if any, must be reduced by the amount attributable to Plaintiff for her own comparative negligence.

## EIGHTH AFFIRMATIVE DEFENSE

As its eighth affirmative defense, Carnival states that the incident alleged in the Complaint was not the proximate cause of Plaintiff's alleged injuries and damages. Alternatively, Plaintiff's own negligence was the sole proximate cause of her injuries and damages and, accordingly, Plaintiff's claim is barred as a matter of law.

## NINTH AFFIRMATIVE DEFENSE

As its ninth affirmative defense, Carnival alleges that Plaintiff failed to act timely and reasonably in exercising care and diligence to avoid loss and to minimize and/or mitigate her damages, and therefore, any damages awarded should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE

As its tenth affirmative defense, Carnival alleges that Plaintiff's injuries, if any, are the result of other trauma, injury, illness or condition suffered by Plaintiff in her lifetime, which was

not aggravated by the alleged incident herein and/or by other trauma or illness suffered by Plaintiff in her lifetime. In the alternative, if any pre-existing injury, illness or condition was aggravated by any alleged incident herein, Plaintiff is only entitled to reimbursement for the degree of aggravation, and any recovery obtained herein must be reduced and limited to that percentage of aggravation suffered as a result of the incident alleged herein.

**ELEVENTH AFFIRMATIVE DEFENSE**

As its eleventh affirmative defense, Carnival asserts that Plaintiff's claimed past medical damages are inflated and should be limited to those that are reasonable and necessary based on all relevant evidence, including amounts billed, amounts paid, and any expert testimony or other relevant evidence pertaining to past medical damages.

**TWELFTH AFFIRMATIVE DEFENSE**

As its twelfth affirmative defense, Carnival asserts that, in the event the Plaintiff should recover on her claim, the Plaintiff is not entitled to recover any sums of money written-off or not submitted and/or required by healthcare providers or other third-parties as an obligation of the Plaintiff to pay and that Plaintiff's alleged damages, if any, are limited to those that are reasonable and necessary. Additionally, to the extent applicable, any award of damages to Plaintiff, if any, should be reduced by any collateral source payments paid to and/or received by Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As its thirteenth affirmative defense, Carnival asserts that if it is liable to Plaintiff for damages herein, the existence of which Carnival expressly denies, Plaintiff’s damages must be reduced by the amount attributable to Plaintiff’s comparative fault.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As its fourteenth affirmative defense, Carnival asserts that Plaintiff failed to seek timely and/or appropriate medical treatment for her alleged injuries, and/or failed to follow the advice of

her doctors, which failure exacerbated the alleged injuries and any award of damages to Plaintiff must be proportionately reduced.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As its fifteenth affirmative defense, Carnival asserts that to the extent the condition allegedly arose from the original design or construction of the vessel or its components, such work was performed by independent third parties and not under the operational control of Carnival at the time of the alleged negligent acts.

Carnival reserves the right to amend its Affirmative Defenses as more facts become known through the course and scope of discovery.

Dated: November 6, 2025

Respectfully submitted,

*/s/ Laura Navia*

**DAVID J. HORR**
Florida Bar No.: 310761
**dhorr@admiral-law.com**
**JORDAN M. GREENBERG**
Florida Bar No.: 91119
**jgreenberg@admiral-law.com**
**LAURA NAVIA**
Florida Bar No.: 1058283
**lnavia@admiral-law.com**
**HORR, SKIPP & PEREZ, P.A.**
Two Datran Center, Suite 1700
9130 S. Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
***Counsel for Defendant***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 6, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

*/s/ Laura Navia*
**LAURA NAVIA**
Florida Bar No.: 1058283

**SERVICE LIST**

**JOHN H. HICKEY**
Florida Bar No.: 305081
**hickey@hickeylawfirm.com**
**ELIZABETH CARLIN**
Florida Bar No.: 753251
**ecarlin@hickeylawfirm.com**
HICKEY LAW FIRM, P.A.
1401 Brickell Avenue, Suite 510
Miami, FL 33131-3501
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
***Counsel for Plaintiff***

**DAVID J. HORR**
Florida Bar No.: 310761
**dhorr@admiral-law.com**
**JORDAN M. GREENBERG**
Florida Bar No.: 91119
**jgreenberg@admiral-law.com**
**LAURA NAVIA**
Florida Bar No.: 1058283
**lnavia@admiral-law.com**
HORR, SKIPP & PEREZ, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
***Counsel for Defendant***